(No. 41519.—<span style="background:black">    </span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE TERRY, Appellant.

*Opinion filed September 22, 1970.*

DONALD WEIHL, of Belleville, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, and WILLIAM R. POSTON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, George Terry, on February 2, 1965, pleaded guilty in the circuit court of St. Clair County to an indictment charging him with possessing marijuana in violation of section 22—2(r) and 22—40 of the Criminal Code. (Ill. Rev. Stat. 1963, ch. 38, pars. 22—2(r) and 22—40.) He was placed on probation for a period of five years

and as a condition of probation he was ordered to serve the first year of the five-year term at the Illinois State Farm at Vandalia. The defendant, after having served the one year at the Illinois State Farm, was arrested on October 10, 1966, for attempted theft. After a hearing on a petition to revoke the defendant's probation, probation was revoked on October 31, 1966, and he was sentenced to the penitentiary for a term of not less than 6 years and not more than 10 years.

He filed a petition for post-conviction relief which was docketed in the circuit court of St. Clair County on February 2, 1967. On April 2, 1968, the court denied the defendant's petition and he has appealed to this court under our Rule 651. Ill. Rev. Stat. 1969, ch. 110A, par. 651 (a).

Contentions the defendant makes are, *inter alia,* that the evidence against him under his indictment was the product of an illegal search and seizure, that he should have been discharged because he was not brought to trial within 120 days as required by the law of this State (see Ill. Rev. Stat. 1965, ch. 38, par. 103—5(a)), and that it was improper for the circuit court to have appointed an assistant public defender to represent him in the post-conviction proceeding since a ground of error advanced by him in his post-conviction petition was that he had been incompetently represented by the public defender prior to and at the time of his pleading guilty.

It will be unnecessary to examine all of the contentions offered by the defendant, for we consider that the defendant was not provided the character of representation contemplated by the Post-Conviction Hearing Act.

In *People* v. *Slaughter,* 39 Ill.2d 278, at p. 285, we observed, regarding the responsibilities of an attorney representing an indigent prisoner in a post-conviction proceeding, that "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed

to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." We said in *People* v. *Jones,* 43 Ill.2d 160, 162 : "The attorney designated by the court to represent the defendant did not consult with him concerning his grievances * * * and thereby failed to discharge an elementary responsibility of representation. The defendant was not provided the benefit of counsel required under our view of the Post-Convictio Hearing Act." See also *People* v. *Garrison,* 43 Ill.2d 121, and Ill. Rev. Stat. 1969, ch. 110A, par. 651(c).

The record discloses that the defendant filed his petition with the circuit court on January 27, 1967, and that it was denied, seemingly without a hearing on April 2, 1968. Two successively appointed attorneys filed appearances in his behalf. On February 5, 1968, the defendant addressed a letter from the penitentiary to the attorney who then was representing him in which he stated that "In regard my Petition under the Post-Conviction Act first set for hearing on October 17, 1967, and thereafter continued several times, I do hope that you perceive the thrust of the petition is incompetent counsel * * *." The defendant also wrote of other allegations of his petition and offered citations of cases he considered pertinent, and he concluded by requesting that a record be preserved so that his rights of appeal might be protected. However, it seems that the attorney to whom the letter was addressed did not at that time represent the defendant, and apparently he did not reply to the letter. The record does show a letter was forwarded to the defendant from the court's offices advising him that the at-

torney previously appointed to represent the defendant had been replaced by another attorney. The letter also states that his newly appointed counsel would communicate with him if after reviewing the file he deemed it necessary. The letter concluded: "In cases such as this it is frequently not necessary for the attorney to become involved in a series of letters between himself and his client."

No transcript of any proceedings appears. The record does not show that either of the defendant's appointed counsel ever consulted with him, (see *People* v. *Garrison,* 43 Ill.2d 121, and Ill. Rev. Stat. 1969, ch. 110A, par. 651 (c).) Under the circumstances reflected by the record, the defendant did not receive the benefit of counsel which is contemplated by the Post-Conviction Hearing Act.

As this cause must be remanded to the circuit court it is appropriate to consider the argument made here that an assistant public defender should not have been appointed to represent the defendant in the post-conviction proceedings. The defendant's post-conviction petition charged that he had been incompetently represented by a public defender on the indictment.

Our holdings have expressed a concern that circumstances such as these create a conflict of interest. We described this potential for harm in *People* v. *Smith* 37 Ill.2d 622, 624, where it was said "We have previously recognized the disadvantages, both to petitioner and the public defender's office, in having a representative from that office present petitioner's cause when his petition is based in part upon charges of incompetent representation afforded him at trial by the public defender. (*People* v. *Ashley* [34 Ill.2d 402].) This circumstance clearly confronts the public defender's office with a conflict of interest since, on one hand, its natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges. This conflict-of-interest situation

should be avoided and the petitioner be appointed counsel other than the public defender to represent him at a new hearing on his petition."

Accordingly, the circuit court is directed to appoint an attorney other than the public defender to represent the defendant in proceedings on the petition for post-conviction relief.

The judgment of the circuit court of St. Clair County is reversed and the cause remanded for proceedings consistent with this opinion.

*Reversed and remanded.*