THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD COSS, Defendant-Appellant.

Second District   Nos. 75-150, 75-151 cons.

Opinion filed February 2, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to one charge of theft exceeding $150 and another charge of theft under $150 on March 17, 1974. He was sentenced to three years probation on April 30, 1974. Subsequently the State petitioned to revoke probation, alleging that on July 12, 1974, he committed the offense of armed robbery. Following a hearing before the court defendant's probation was revoked and he was sentenced to a term of not less than one nor more than three years imprisonment. On appeal defendant asserts that he was denied his constitutional right to the effective assistance of counsel because of the refusal of his trial attorney to participate in the hearing to revoke probation and also that the trial court denied him due process in failing to grant him sentence credit for the time he had spent on probation without stating reasons.

At the hearing on the petition to revoke defendant's counsel moved to dismiss the petition contending that defendant's guilt of the subsequent offense could only be shown by proof beyond a reasonable doubt; that he would be denied due process by having to reveal his defense to the armed robbery charge at the revocation hearing; and that the State's discretion to determine whether to proceed by a probation revocation hearing or a criminal trial was a violation of due process and subjected defendant to double jeopardy. The court denied the motion. At the evidentiary hearing on the petition to revoke probation defense counsel stated that he would decline to participate in the proceedings based on his view that he would thereby be waiving a claim of error in the denial of his motion to dismiss.

The court properly advised counsel that the defendant's right to have the rulings on his motion to dismiss and the constitutional questions raised reviewed on appeal was clearly preserved. He also informed both defendant and his attorney on the record that if counsel did not participate and the court's decision was reviewed and affirmed on the constitutional questions that the reviewing court might well say that the defendant had had his opportunity to raise the questions at this hearing. Counsel then stated:

> "Your Honor, just for the record so it is clear, when I state I have no questions or will not proceed, it is on the basis of the exception and I have explained to my client and know full well what the consequences would be as you have just explained them now."

Defense counsel did not cross-examine the State's witness nor present any evidence, stating at one point,

> "[I]f I ever wanted to cross-examine someone more it is now. But under our filed exception, I'll refrain from cross-examination."

The court again pointed out that defendant would be giving up his constitutional right to cross-examine the accomplice witness and that there might not be any other opportunity for that in the proceedings. Defense counsel persisted saying that for the overall defense that this was the course that he and his client had decided to take.

Among the witnesses who testified was the manager of the service station which had been the subject of the armed robbery. The witness stated that a man whom he had later identified as Curtis Bayne committed the armed robbery. He said he did not recognize Bayne at the time of the robbery but later that evening when Bayne was apprehended he remembered that Bayne and the defendant had been in the station together earlier in the afternoon. While the police were searching for Bayne they questioned two youths who replied that they had seen a man sitting in a car on route 47 with his lights out. The car was found in the area of the robbery with the defendant in it. The service station manager said that he recognized the car as the one that had been in their station that afternoon. The officer testified that Coss left his car as the police vehicle drove up and told the officer he was having car trouble and the car was removed by a tow truck. Curtis Bayne testified that he met Coss some time before the robbery and at one time defendant and he lived with Coss's family when Bayne was unemployed. Bayne said Coss suggested obtaining the money by robbery and Bayne agreed. Bayne said that the two drove to the service station around 3 p.m. to purchase gasoline and cigarettes; that about 8 p.m. in the evening after he had been furnished a gun by defendant the two test-fired the weapon. Coss dropped Bayne off at the station and told him where the car would be after he finished. Bayne testified that while he and Coss were in the McHenry County jail he had written a statement saying that Coss had no involvement in the robbery.

The State argues that defense counsel's "unique strategy at the hearing to revoke probation does not in any way demonstrate incompetence." It reasons that by his tactics defendant was not required to reveal his defense to the indictment and a subsequent criminal trial; and that defendant "most probably believed" that no conventional defense would be sufficient to defend against the State's case which could be sufficiently proved in the hearing by a preponderance of the evidence rather than beyond a reasonable doubt. The State suggests that to permit non-participation as incompetence under these circumstances would give a defendant a method of assuring reversible error by his own tactics.

542

■■ It is beyond dispute that the defendant in a felony case has the right to the effective assistance of counsel. See *McMann v. Richardson*, 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441, 1449 (1970).

"In order to establish lack of competent representation at trial, it is necessary to demonstrate 'actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney' which results in substantial prejudice without which the outcome would probably have been different." (*People v. Goerger*, 52 Ill. 2d 403, 409 (1972). See also *People v. Witherspoon*, 55 Ill. 2d 18, 21 (1973).)

The right to counsel also accrues to defendants in proceedings to revoke probation. *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254, 258 (1967). See also *People v. Burrell*, 334 Ill. App. 253, 258 (1948); *People v. Sluder*, 107 Ill. App. 2d 177, 180 (1969).

■■ If the conduct of the trial by the attorney can be shown to be an exercise of judgment, discretion or trial strategy it is not sufficient to prove incompetence. (*People v. Newell*, 48 Ill. 2d 382, 387 (1971). See also *People v. Hines*, 34 Ill. App. 3d 97, 100 (1975).) "While careless and indifferent representation is not to be obscured by the invocation of tactical justifications, neither is conscientious effort to be depreciated by hindsight." *People v. Kirkrand*, 14 Ill. 2d 86, 92 (1958). See also *People v. Harter*, 4 Ill. App. 3d 772, 775-76 (1972), and *People v. Butler*, 23 Ill. App. 3d 108 (1974).

We find this to be a case in which defense counsel's conduct wholly deprived the defendant of the right to effective assistance of counsel. The defendant's counsel was, of course, not incompetent because he attempted to have the proceedings to revoke probation dismissed for the reasons that he gave. Although we have subsequently denied a similar defense (see *People v. Warne*, 39 Ill. App. 3d 894, 898 (1976); *People v. Whitt*, 16 Ill. App. 3d 824 at 828-29 (1974)), it was clearly a permissible exercise of judgment at the time of trial. The conduct which we are unable to countenance or obscure as a tactical consideration is the refusal of defense counsel to take any further part in the trial after his motion was denied by the court and his objection to the denial was properly preserved on the record.

The revocation was essentially based upon the testimony of Curtis Bayne who, although he admitted giving a statement in which he denied defendant's implication of a crime at a prior time, was not cross-examined in any effort to cast doubt on the truth of his in-court testimony. That the judge was concerned with defense counsel's conduct is clear from the record which shows that the court on several occasions warned counsel that he was giving up the constitutional right to cross-examination and

coupled this with the admonishment that counsel was not required to take this tack in order to preserve his record.

Thus it clearly appears that defense counsel was not engaging in a discretionary decision involving strategy or trial tactics. On the sole matter of judgment he was concerned with he was clearly ignorant of the law and persisted even after the court attempted to inform him properly. Participation in a criminal trial after an objection has been raised and denied does not in any way waive the properly preserved challenge to the proceedings. (See, *e.g.*, *People v. Schraeberg*, 347 Ill. 392, 395 (1932).) The State's reasoning that defense counsel's action was a "unique strategy" to hold his defense for a subsequent trial is not persuasive. Under the circumstances of this case it clearly appears that counsel's only strategy consideration was based on an ignorance of a fundamental rule of law and there could be no advantage to the defendant in the procedure chosen. Counsel's conduct could in no way be equated with the exercise of judgment or the performance of trial strategy but in fact clearly demonstrates incompetence.

The State argues that in addition to a failure to prove that counsel was incompetent, there was no showing of "substantial prejudice without which the outcome would probably have been different." (*People v. Goerger*, 52 Ill. 2d 403, 409 (1972).) We conclude, however, that the defendant is not required to show that the outcome would probably be different in a case in which his counsel determines that he will not participate in the trial. In a case in which counsel does not take part in the trial, the constitutional right to effective counsel cannot be satisfied by a conclusion that it would not have helped a defendant to have counsel. He is entitled to have the active representation by counsel at trial in the absence of good cause for declining participation without regard to the probable outcome of the proceedings. In *Geders v. United States*, 425 U.S. 80, 91-92, 47 L. Ed. 2d 592, 601, 96 S. Ct. 1330, 1337 (1976), the United States Supreme Court held that a trial court's order which prevented a defendant from consulting with his counsel about anything during a 17-hour recess between his direct and cross-examination at trial deprived defendant of his right to the assistance of counsel guaranteed by the Sixth Amendment. The court in its opinion reversed the conviction stating that there was no need to consider whether there was preliminary proof of prejudice to the defendant. Here, defendant's right to counsel was violated in greater degree than in *Geders* when he was deprived of representation by unjustified acts of his counsel in declining participation. *Cf. Franklin v. State*, 471 S.W.2d 760, 765 (Ark. 1971); *State v. Lopez*, 3 Ariz. App. 200, 412 P.2d 882, 887-88 (1966).

Nor is the State's concern that this conclusion will give the defense

counsel in a criminal case a method of insuring error in poor cases a matter of serious consideration. The obvious consequences which may accrue from holding that an attorney has been guilty of incompetence should sufficiently discourage conduct which in any event cannot assist a defendant's cause.

We therefore reverse the judgment and remand the cause for a new hearing. In this view of the case the defendant's claim that he is entitled to credit for time spent on probation would become an issue only if probation were revoked in a subsequent hearing. In that event defendant would be entitled to sentence credit since on April 30, 1974, when he was sentenced to probation, section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) provided for mandatory credit. See *People v. Woodall*, 44 Ill. App. 3d 1003 (1976); *People v. Peach*, 39 Ill. App. 3d 757, 760-61 (1976); *People v. Willingham*, 38 Ill. App. 3d 612, 614 (1976).

Reversed and remanded.

RECHENMACHER, P. J., and GUILD, J., concur.