THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN ALLEN BALL (Impleaded), Defendant-Appellant.

Fourth District   No. 13725

Opinion filed July 5, 1977.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert C. Perry and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On April 28, 1975, defendant was indicted on four counts of burglary arising from four separate occurrences in Champaign County on February 22, 1975. At his May 28, 1975, arraignment, defendant pleaded not guilty. On August 29, 1975, defendant changed his plea to guilty as to

counts I and II of the indictment. In exchange for defendant's guilty plea, the State agreed to move to dismiss counts III and IV as well as case No. 75-X-610, which charged defendant with burglary and felony theft. The State agreed to recommend a 3- to 10-year sentence.

Defendant was admonished of the charges against him, the rights he would be waiving by a guilty plea, and the court's discretion with respect to the State's sentence recommendation. After satisfying itself that there was a factual basis for the plea and that it was voluntary, the court accepted defendant's guilty plea as to counts I and II, ordered counts III and IV dismissed, and ordered each count of case No. 75-X-610 be dismissed. Defendant waived presentence reports and was sentenced to two concurrent terms of 3 to 10 years' imprisonment.

Assistant Public Defender Paul H. Vallandigham represented defendant in this negotiated plea and was appointed also to represent defendant regarding any motion to withdraw the plea. On September 16, 1975, defendant filed a motion to withdraw his guilty plea, alleging that (1) he lacked mental competence to enter a guilty plea, (2) the sentence was excessive, (3) he was innocent, and (4) there had not been substantial compliance with Supreme Court Rule 402. The central issue at the hearing on the motion to vacate, in fact the only one of the four issues raised on appeal, was defendant's mental competence to enter a guilty plea.

At the hearing on the motion to withdraw the guilty plea, defense counsel, Vallandigham, argued that defendant's responses to the court's questions were so unresponsive and confusing as to show a lack of competence to understand the nature of the charges. Defendant was not present at the hearing. Counsel argues that either he should have requested, or the court on its own motion should have ordered, a competency hearing in light of defendant's conduct upon entering the plea and the fact that all parties were aware that defendant had spent much of his life in mental institutions. The court denied defendant's motion stressing that defense counsel had never requested a competency hearing prior to entry of the plea, that there was no evidence defendant had ever been adjudged incompetent, and that while defendant seemed a bit eccentric, he was capable of understanding the charges and knew what he was doing. The court found there had been substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) and that defendant had made a knowing, voluntary plea.

On appeal, defendant raises four issues: (1) Whether defense counsel's failure to file a Rule 604(d) certificate requires a new hearing on defendant's motion, (2) whether the trial court erred in failing to appoint different counsel to represent defendant on his motion to withdraw the guilty plea, (3) whether the trial court abused its discretion in not ordering a sanity hearing before denying defendant's motion, and (4) whether

defendant was entitled to a new hearing on his motion because he was not present at the first hearing and the central issue was his mental competency to enter the plea.

■■ We originally disposed of this case (March 3, 1977) pursuant to Supreme Court Rule 23 (58 Ill. 2d R. 23) because of the failure to file the Rule 604(d) certificate (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). Defendant's counsel then moved to supplement the record by filing the required certificate during the pendency of the appeal. A rehearing was granted in order to reevaluate our opinion in light of *People v. Evans* (1977), 46 Ill. App. 3d 689, 361 N.E.2d 77, which held that the certificate is not required where the record reflects that trial counsel has performed every other function contemplated by the rule. Since defendant's counsel's certificate of compliance may be filed during the pendency of the appeal (*People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122; *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185), and was here, this is no longer an issue.

The next issue revolves around the fact that Mr. Vallandigham represented defendant both at the time he entered his guilty plea and at the motion to withdraw it. The fact that counsel was willing to let defendant enter a guilty plea without requesting a sanity hearing impliedly shows that counsel believed defendant to be competent. In addition, when the judge heard testimony, prior to accepting defendant's guilty plea, that defendant had been in mental institutions, he specifically asked Mr. Vallandigham if defendant was able to understand the charges and cooperate with him. Counsel answered "yes," which no doubt represented his sincere belief. After defendant's guilty plea was accepted, Mr. Vallandigham was appointed to represent defendant if he decided to file a motion to withdraw his plea.

When mental incompetency turned out to be defendant's sole contention for withdrawal of his guilty plea, counsel was thrust into an awkward situation. He had not merely participated in the negotiation of the plea but had, as an officer of the court, represented to the judge that in his opinion defendant was competent to enter the plea. When the State's Attorney used defense counsel's prior opinion as an argument at the hearing on the motion to withdraw the plea, defense counsel expressed concern for the predicament in which he found himself, saying:

> "I think the problem, Your Honor, comes in at—I had expressed an opinion on this matter of competency to the Court and yet I was asked and assigned this case for purposes of this Motion to prepare it. It kinda puts me in a difficult state."

The judge did not respond to counsel's statement or give any indication that he felt there was any conflict-of-interest problem. Moreover, the court based its denial of the motion in part on the fact that Mr.

Vallandigham had originally expressed the opinion that defendant was competent.

■■ We agree with the appellate defender that the present case is analogous to the situation where a defendant alleges incompetency of trial counsel in a post-conviction proceeding. In that situation, the Illinois Supreme Court has held that different counsel should be appointed to represent defendant on his petition. (*People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923.) We recognize that the two situations are distinct; yet we believe that each involves a possible conflict of interest which should be avoided. Under the present circumstances we understand how a defense counsel might feel an inclination to protect his reputation since he had previously represented to the court that defendant was competent. These feelings might easily conflict with counsel's duty as an advocate to zealously present his client's position at the motion to withdraw the guilty plea. This conflict should be avoided. Counsel other than the public defender should be appointed to represent defendant at a new hearing on the motion to withdraw his guilty plea.

Defendant would next have us consider whether the trial court abused its discretion in not ordering a competency hearing for defendant prior to ruling on the motion to vacate his guilty plea. Since we are remanding this cause with directions to appoint new counsel and to grant defendant leave to file a new motion to vacate, there is no reason to deal with this issue at the present time. Should defendant's motion be granted on remand, it would become moot.

Finally, we are asked to decide whether defendant is entitled to a new hearing on his motion to vacate because he was not present at the first hearing and the central issue was his mental competency to enter the plea. Since a new hearing has been granted we need not pass upon the necessity of defendant being personally present. *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065.

For the above-stated reasons, the judgment of the circuit court of Champaign County denying the motion to vacate is reversed and this cause remanded to that court with directions to appoint new counsel and to grant defendant leave to file a new motion to vacate his guilty plea.

Reversed and remanded with directions.

REARDON and MILLS, JJ., concur.