THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE TERRY, Defendant-Appellant.

Fourth District   No. 14144

Opinion filed July 5, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Represented by the public defender, defendant pleaded guilty to a charge of burglary. The public defender then represented defendant with his motion to vacate the plea. The motion was denied and defendant appeals.

Defendant first requests that different counsel be appointed to represent him at a new hearing on his motion to withdraw his guilty plea. He argues on appeal that the public defender who represented him at the motion to vacate was "substantially responsible" for coercing his guilty plea. The thrust of defendant's testimony at the hearing was that he was coerced to plead guilty by the State's Attorney, who offered to recommend a 2- to 6-year sentence to defendant's brother Michael if he, Michael, would implicate defendant. There is no indication that the public defender was anything more than a mere conduit relaying the State's offers to the defendant. The appellate defender's contention that the defendant considered the public defender "substantially responsible" for the alleged coercion is unsubstantiated by the record.

Defendant admitted that he pleaded guilty in order to insure that his brother got a lighter sentence. Defendant said, "I plead guilty to keep him from being, uh, as you say, uh, well I say misused by the State's Attorney * * *. I came to court first. After I found out that Michael would do 6 to 18, that's when I pleaded guilty, to allow him to, you know—at least I could try to come back and see if it would be straightened out, you know."

It is our reading of defendant's above statement that he intended to plead guilty to insure a light sentence for his brother with the intention of coming back later, after his brother's plea had been entered, in hopes of vacating his own plea and lessening his own punishment. Nothing in defendant's letter to his mother indicates that defendant felt the public defender had coerced him to plead guilty. Read in context with defendant's testimony at the hearing, it is obvious defendant was referring in the letter to the State's Attorney's office as the source of the pressure which led him to plead guilty.

Defendant cites two cases where charges of incompetency of counsel created a conflict of interest situation requiring the appointment of different counsel on the motion to withdraw the guilty plea. (*People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923.) This court has recently recognized a conflict situation requiring the court to appoint different counsel to represent defendant on his motion to withdraw his guilty plea when trial counsel had expressed an opinion to the court, prior to the acceptance of the plea, that defendant was mentally competent and yet he was required to argue an inconsistent position later at the hearing to vacate the plea. (See *People v. Ball* (1977), 50 Ill. App. 3d 36, 365 N.E.2d 243.) Defendant argues for the adoption of a rule which would extend far beyond *Ball, Terry* and *Smith* requiring the appointment of different counsel in all cases where defendant moves to withdraw a guilty plea. This argument, we feel, was implicitly rejected in *Smith* which, in the context of the Post-Conviction Hearing Act, said, "[T]here is no absolute right to appointment of nonpublic-defender counsel, and that such appointment is within the discretion of the trial court." (37 Ill. 2d 622, 623, 230 N.E.2d 169, 170.) We are not persuaded by defendant's argument that a public defender, who represented defendant in entering a guilty plea, would be "reluctant" to upset the disposition worked out in exchange for defendant's guilty plea. Defense counsel's interests in this situation are *not* antagonistic to those of the defendant. There is no conflict. Counsel is not being asked to attack his own competence (as in *Smith* and *Terry*) or his own opinion as to defendant's mental competency previously represented to the court (as in *Ball*). Counsel in the present case was not, as in those cases, thrust into a situation where he might compromise his duty as an advocate to protect his own reputation.

■■■ Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) does not require that different counsel be appointed to represent defendant in his efforts to withdraw a guilty plea. The rule leaves this matter within the discretion of the trial court. There being no conflict of interest problem, it was not an abuse of discretion here to appoint the same lawyer to represent defendant in connection with the motion to withdraw his guilty plea.

■■ Finally, defendant asks us to remand the case for a new hearing because defense counsel failed to file a 604(d) certificate of compliance. While strict compliance with the rule would require filing of the certificate with the trial court, recent cases have recognized that it may be filed during the pendency of the appeal. (*People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185; *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122.) Here we allowed the State's motion to supplement

the record on appeal, the 604(d) certificate was filed with this court, and it indicates that there otherwise was compliance with this rule.

For the foregoing reasons judgment of the circuit court of Champaign County is affirmed.

Affirmed.

REARDON and MILLS, JJ., concur.