THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE ADAMS, Defendant-Appellant.

First District (4th Division)    No. 78-1493

Opinion filed July 26, 1979.

Ralph Ruebner and Randy K. Johnson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Michael M. Lorge, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendant, Ronnie Adams, was charged by information on January 7, 1978 with possession of a stolen vehicle (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)), and theft of that vehicle (Ill. Rev. Stat. 1977, ch. 38, par. 16—1). On May 16, 1978, Adams, who was represented by an assistant public defender, entered a plea of guilty to the theft charge and was sentenced to three years' probation.[1] Defendant now appeals from an order of the trial court denying his motion to withdraw his guilty plea. Defendant contends that the court erred in refusing to appoint counsel other than the public defender to represent him on the motion, as that

---

[1] The other charge of possession was nol-prossed on the State's motion.

motion was based on allegations of incompetence of counsel and coercion.

We reverse the order of the trial court and remand for further proceedings.

Defendant's guilty plea was accepted only after the trial judge engaged in a colloquy with him which fully complied with the requirements of Supreme Court Rule 402. (Ill. Rev. Stat. 1977, ch. 110A, par. 402.) During that colloquy defendant stated that no threats or force was used to induce his plea. After sentencing, defendant was advised of his right to appeal providing he filed a motion to withdraw his guilty plea and set aside the judgment. He was also advised that if he was indigent an attorney would be appointed to represent him on such a motion.

On June 16, 1978 defendant filed a pro se motion to withdraw his guilty plea. In that motion he alleged that he and his attorney:

"* * * were not totally being client and attorney to each other. It seems that he was not in the least interested in my case or well being. So I was really standing alone. I think he could've [sic] done better with my case. There was no complaining witnesses, or arresting officer in court to even testify against me."

He also alleged:

"This conviction and three year probation was forced to [sic] me. 'It was take it now or stay locked up.' "

The motion was accompanied by a sworn affidavit stating that the statements in the motion were true and correct. Also filed with the motion was a certificate of compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)), signed by the assistant public defender (hereinafter counsel), who had represented defendant on his guilty plea. That certificate indicated that on June 13, 1978, the defendant telephoned counsel and expressed his wish to withdraw his plea, giving "general reasons." A "general motion" was prepared and then amended, after counsel consulted with defendant in court, with the allegation that "counsel was ineffective." On June 14, 1978, according to counsel's statements in the certificate, counsel presented the motion to the court, but he also represented to the court that defendant was alleging ineffective assistance by him, and he requested that another attorney be appointed to represent defendant. The court struck that motion, apparently because it was not supported by affidavit as required by Rule 604(d) when the motion is based on facts not in the record. Counsel further stated in the certificate:

"I consulted with Mr. Adams personally in my office after court on June 14, 1978 concerning his desire to withdraw his plea. * * * I cannot fully and fairly represent Mr. Adams in preparing or

arguing this motion for the following reasons:

a. Mr. Adams indicated to me he was coerced into pleading guilty, and by implication I was part of that coercion.

b. Mr. Adams was hesitant in fully setting forth all his reasons to me for plea withdrawal because he said I got him to plead guilty when he was innocent, and I therefore don't know all of his reasons.

c. He states that I ineffectively represented him.

d. I cannot argue my own inadequacy."

At the hearing on the motion counsel repeatedly informed the court he could not aid defendant on the motion because of the allegations of coercion and lack of effective assistance of counsel. He indicated that his only assistance on the pro se motion had been to transcribe what defendant wished to say. Counsel also indicated that his discussion with defendant had been "kind of a strained conversation" and he was "quite sure that [defendant] wasn't fully open" with him. There was some confusion at the hearing as to whether argument was proceeding on the prior request for new appointed counsel or on the written motion to withdraw the guilty plea. Counsel stated:

"At this point it appears there is argument on the motion that I and Mr. Adams, on the 14th, requested appointment of Counsel. He is in the position now, this is a felony case, and he doesn't have Counsel, and if he's going to argue a motion based on that, and he's got the motion there, I say he's at an extreme disadvantage unless Counsel is appointed for him."

The court then asked defendant if he wanted to have a different lawyer to proceed on the motion and defendant said he did. Defendant was never sworn as a witness but the court also briefly questioned him on the allegations of his motion:

"The Court: Who told you to take that, now, while—

Mr. Adams: No one told me. It was plain to see it was the only way.

[Counsel]: I think, at this point, what he needs is Counsel. He needs to know whether you're going to appoint it, because there is a jeopardy situation, and he doesn't have an attorney to represent him, and he has requested one.

The Court: In other words, he felt that it was take it or stay locked up, is that right. In other words, Mr. Adams, nobody told that to you?

Mr. Adams: No, no one told me that."

The court concluded that defendant had not alleged that counsel was incompetent. The judge then stated:

"Mr. Adams, I will still leave you an avenue open. In the event you are still unable to afford Counsel, I will arrange to have appointed

Counsel to take this up for you. Let me do this for the record. I have considered the affidavit of the Defendant, and I will have to make a decision one way or the other, so that I can be resolved, and if Mr. Adams is unable to afford Counsel, he may get appointed Counsel expeditiously. Okay, the motion and affidavit per amended, in my opinion, while there has been compliance with Rule 604 by way of affidavit, the facts alleged in the affidavit do not allege sufficient to [sic] impeach the record, and I still feel, and I find, that Rule 402 has been complied with. Motion denied for insufficiency."

The court then appointed the State Appellate Defender to represent defendant in the prosecution of his appeal to this court.

■■ It is defendant's contention that the trial court erred in failing to appoint an attorney outside-the public defender's office to represent him on the motion to vacate. It is clear that defendant was entitled to be represented by *some* attorney on the motion. Rule 604(d) provides that such a motion:

"* * * shall be presented promptly to the trial judge by whom the defendant was sentenced * * * The trial judge shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).)

Defendant's indigency was established when the public defender was appointed to represent him prior to his guilty plea. He did request an attorney to aid him on his motion. Upon the fulfillment of these requirements the court was required to appoint an attorney to represent him. (*People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065.) In *Moore* an attorney was appointed to assist the defendant on his motion to vacate a guilty plea, but the record did not affirmatively show whether that attorney had conferred with the defendant in person or by mail concerning the motion. No motion was filed until after the 30-day period for such filing had passed, and even then the motion only alleged that the sentence was too harsh. The court held:

"* * * fundamental fairness does require and the rule [604(d)] requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing a motion to vacate before such motion to vacate is denied." (45 Ill. App. 3d 570, 572, 359 N.E.2d 1065, 1066.)

The State contends that defendant did receive the assistance of an attorney, that of the assistant public defender who had represented him on his guilty plea. But our examination of the record convinces us that in fact defendant was not afforded the full assistance of an attorney to which he was entitled. From the time counsel first learned of the nature of defendant's claims in support of the motion to vacate he clearly told

the court that he could not represent the defendant. The State notes that counsel "prepared" the amended motion to vacate. But the preparation consisted of transcribing what defendant told him. At the hearing counsel repeatedly indicated that he was not and could not act as defendant's advocate. At one point the prosecutor indicated her recognition of this lack of representation, stating: "I think it's a difficult situation, and presumably he [defendant] does not have Counsel representing him at this proceeding." But the court never ruled on defendant's motion for a new attorney; instead, the court went to the merits of the motion to vacate, a motion which was not prepared with the full participation of an attorney acting on defendant's behalf. As *Moore* made clear, a defendant has the right to the aid of an attorney in preparing the motion; it may not be denied until that representation has been obtained. To deny this right and to proceed to evaluate the pro se petition on the merits would be analogous to affirming a conviction based solely on the sufficiency of the evidence despite a claim of lack of representation by counsel or of inadequate representation. (See *People v. Coss* (1977), 45 Ill. App. 3d 539, 359 N.E.2d 1172.) For this reason the judgment of the circuit court must be reversed and the cause remanded so that an attorney may be appointed to represent defendant on this motion.

█ █ Because in all probability defendant will still be entitled to an appointed attorney, we must also determine whether the trial court should have appointed an attorney other than the public defender to represent defendant on the motion. Again the State does not contest the basic proposition that a defendant is entitled to the representation of an attorney free of any conflict of interest. (*People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105; *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.) And it is well established that there is a per se conflict of interest when one assistant public defender represents a defendant on a motion which charges another assistant with incompetently representing the defendant. (*Norris.*) In this case, of course, it was not only a question of members of the same office, but of the same attorney being placed in the untenable position of possibly arguing his own incompetency or misconduct in coercing a guilty plea. But the State maintains that there was in fact no basis for the claims of incompetency and coercion. In such instances they maintain the trial court is not required to appoint a different attorney. As we have noted in this instance there was effectively no attorney appointed. That fact in itself serves to distinguish this case from those cited by the State. In *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255, the defendant moved to withdraw his guilty plea and vacate the judgment and the court appointed the same attorney who had negotiated the plea to represent him on the motion. The motion was denied and on appeal

defendant contended that a different attorney should have been appointed. The court noted that there was never a claim of ineffective assistance of counsel by the defendant, the only basis of the motion below apparently was that the sentence was excessive. And although the court, in affirming the judgment, stated that the trial court had discretion in choosing an attorney to represent a defendant on such a motion, it also made clear that such discretion is limited in that the appointment should assure adequate representation free from conflicting interests. (*People v. Thompson; People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.) Similarly in *People v. Watts* (1977), 55 Ill. App. 3d 30, 370 N.E.2d 622, also cited by the State, the court reappointed the attorney who represented defendant on his guilty plea to represent him on his motion to withdraw the plea. In the motion defendant requested a new attorney but that motion was denied, and after a full hearing the motion to withdraw the plea was also denied. In affirming the judgment the court noted that prior to the hearing in two pro se motions to the court the defendant did not allege any incompetency of counsel. At the hearing itself the defendant testified and made the isolated statement that his attorney did not properly represent him. When the plea had been accepted the defendant had indicated satisfaction with the manner in which his attorney represented him. The main basis of defendant's motion was a claim that jail officials had intimidated him into pleading guilty despite the existence of a valid defense. These allegations were fully explored and rejected at the hearing. On this record the appellate court found no basis for requiring that a new attorney be appointed. We find that the facts of this cause present a much stronger basis for requiring the appointment of another attorney, again assuming that defendant establishes indigency. There was no full hearing on the allegations made by the defendant. He was briefly questioned by the court but only on limited aspects of his claims, and, as we have found, this questioning was conducted without true representation of counsel for him. The court was not only presented with the claims of defendant, but counsel represented to the court that defendant's motion involved allegations of ineffective assistance of counsel and coercion by counsel that would create a conflict of interest. Counsel also indicated that he did not feel defendant had been totally open with him in detailing these charges. Certainly the limited questioning of the defendant at the hearing was insufficient to establish whether the guidance of a new attorney could have aided defendant in supporting his motion with additional matters. In order to grant defendant the assistance of a new attorney we need not hold, as the State implies we must, that a bare allegation of ineffective counsel is sufficient to require appointment of a new one. Defendant in his motion supported by affidavit charged that counsel was not the vigorous advocate to

which he was entitled. He also charged that he was coerced and counsel told the court that his conversations with defendant caused him to believe that the charge of coercion extended to counsel. These allegations were sufficient to raise a reasonable possibility of prejudice to the defendant arising from continued representation by this counsel. To require a member of the public defender's office, or indeed, the same assistant public defender who formerly represented defendant to assist him on his motion would place that attorney in the position of questioning his own actions; in effect he would have to be an advocate against himself. (*People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.) On remand defendant is entitled to representation by an attorney unencumbered by this impossible burden. An attorney outside the office of the public defender should be appointed to represent him on the motion to withdraw his guilty plea.

The judgment of the trial court is reversed and the cause is remanded with directions that the trial court, upon a finding of continued indigency by defendant, appoint an attorney who is not from the office of the public defender to represent him. Upon the filing of a new motion to withdraw the guilty plea and of a certificate of compliance with Rule 604(d) the trial court shall determine whether an evidentiary hearing on the motion is required. *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.