(No. 43496.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LAWRENCE M. HREBENAR, Appellant.

*Opinion filed April 1, 1971.*

John Donald O'Shea, of East Moline, for appellant.

William J. Scott, Attorney General, of Springfield, and James N. De Wulf, State's Attorney, of Rock Island, (Thomas J. Immel and Fred G. Leach, Assistant Attorneys General, and William S. Davis, Assistant State's Attorney, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

Defendant Lawrence Hrebenar pleaded guilty to a charge of aggravated battery (Ill. Rev. Stat. 1969, ch. 38,

par. 12—4) in the circuit court of Rock Island County and was sentenced to the penitentiary for not less than 3 nor more than 5 years. His post-conviction petition filed under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) was denied without an evidentiary hearing and this appeal followed.

The petition alleges that defendant's constitutional rights were violated in that: (1) his appointed counsel was disinterested and incompetent, (2) his treatment by jail personnel constituted abusive pre-trial punishment; and (3) the separate or cumulative effect of these factors was a psychologically coerced plea of guilty.

The contention that defendant's guilty plea was psychologically coerced is based primarily upon an alleged threat by Deputy Scott to shoot defendant and "make it look like an attempted escape" unless he pleaded guilty. It is not clear from the petition and supporting affidavit when this alleged threat was made or whether it was made on more than one occasion, except that it was supposed to have occurred while Scott was taking defendant across the street from jail to court. The petition indicates a single occurrence while the affidavit suggests that Scott took defendant to court more than once and threatened him on each occasion. The petition and affidavit both allege that a fellow inmate, Calvin Flowers, complained to defendant of similar threats by Scott.

The State contends that since the verified petition was supported solely by the affidavit of defendant, it was insufficient to require a hearing. Defendant argues that the cases cited as authority for this contention (*People* v. *Covington,* 45 Ill.2d 105; *People* v. *Curtis,* 41 Ill.2d 147) involve petitions which, although verified, were uncorroborated by *any* affidavits and that, due to the nature of the allegations in the instant case, affidavits other than that of defendant would be unobtainable. However, counsel for defendant does admit that affidavits in support of defendant's second contention could have been obtained from those per-

sons named in his affidavit as witnesses. In addition, an affidavit could have been obtained from Calvin Flowers as to his previous experience with intimidation by Deputy Scott similar to that alleged by defendant. While defendant argues that his petition and affidavit are sufficient to entitle him to a hearing on the merits, we note that, unlike *People v. Evans,* 412 Ill. 616, upon which defendant heavily relies, this case involves neither physical violence nor improper promises of leniency. Defendant was represented by court-appointed counsel during the week prior to the entry of his guilty plea and had ample opportunity to assess the relative advantages and disadvantages of the alternative courses of action open to him. As the Supreme Court has indicated, the presence and advice of counsel tends to dissipate any illicit influence imposed upon a defendant by the State. (*Brady v. United States,* 397 U.S. 71, 25 L. Ed. 2d 54, 90 S. Ct. 1463.) More to the point, however, is the fact that defendant's plea was entered in open court after due admonition by the trial judge. An examination of that record reveals that defendant was an active and understanding participant in the negotiation of the plea which he now claims was coerced. At the time defendant pleaded guilty to aggravated battery, a 3-count indictment charging him with attempted escape, attempted murder and aggravated battery was also pending in connection with his alleged participation in an attempted jail break on December 2, 1970. It is clear that the State originally offered to recommend a 2 to 10 year sentence in exchange for defendant's plea of guilty to all four offenses, and equally clear that defendant rejected this offer. Defendant subsequently agreed to plead to the separate aggravated battery charge in exchange for the State's promise to nol-pros the 3-count indictment and recommend a sentence of from three to five years. The prosecutor acted in accordance with this agreement and the trial court accepted the State's recommendation as to defendant's sentence. In addition, the transcript of the court's admonition

to defendant prior to the entry of his guilty plea establishes that in response to inquiries by the court, defendant denied that promises or threats had been made and acknowledged that his plea was entered freely and voluntarily because he was guilty. Thus, the record clearly indicates that defendant's plea was not the product of coercion, but rather of negotiation actively, voluntarily, and intelligently participated in by him.

Viewing defendant's allegation of psychological coercion in the context of the substantial and contradictory evidence contained in the record of the original guilty plea proceedings and the insufficiently explained absence of corrobative affidavits or other supporting evidence, we are of the opinion that an evidentiary hearing was not required on this issue.

The contention that defendant's appointed counsel was incompetent and disinterested is based largely on counsel's alleged desire to summarily "dispose of the case so he could go on vacation" and his recommendation "that defendant spend more time in jail than the State's Attorney had indicated he wanted." In order to warrant a reversal because of incompetency of counsel, defendant must establish actual incompetency of counsel and substantial prejudice resulting therefrom. (*People* v. *Hill*, 44 Ill.2d 299; *People* v. *Georgev*, 38 Ill.2d 165.) Defendant's allegations here are also directly contradicted by the record which, as illustrated by the following excerpts, establishes that he was an active and willing participant in the plea negotiations:

"MR. SOBLE: I want to make a statement for everyone's benefit including my own. The State's Attorney's Office offered me a package deal as it were, on all 3 of the previous offenses together with this one for a sentence of 2 to 10 years in the State Penitentiary. Mr. Hrebenar however wishes to turn this down and plead guilty to aggravated battery for an agreed upon higher sentence.

*     *     *     *

"COURT: Any comment upon that recommendation, Mr. Soble?

"MR. SOBLE: We make no objections to the State's recommendation. I don't anyway on advice of my client.

"COURT: Have you anything to offer before I impose sentence, Mr. Hrebenar?

"DEFENDANT: No, sir."

The rejection of the State's original offer in favor of an offer involving a greater minimum sentence was obviously not without advantage to defendant. The conviction of one offense rather than four, plus the lower maximum sentence amply explains defendant's preference for the latter proposal, and his argument as to the prejudice allegedly resulting from incompetent representation is not persuasive.

Nor are we convinced that defense counsel's representation was inadequate because he spent a total of only 6 hours on the case. The affidavit filed by counsel as to the services rendered by him in behalf of the defendant shows that he conferred with defendant on 3 separate occasions, spent several hours in research, motion preparation and hearing, and conferred with the State's Attoney on the day the guilty plea was entered. We believe counsel's affidavit reflects an expenditure of time and effort sufficient to advise defendant of his rights and alternatives and otherwise provide him with effective legal assistance.

Under the circumstances of this case, defendant's allegations concerning his ill-treatment in the Rock Island County jail, including the denial of various privileges ordinarily allowed prisoners do not present deprivations of substantial constitutional rights, either separately considered or cumulatively with the rest of the petition. This result is not altered by counsel's attempt to characterize defendant's contention in terms of double jeopardy or cruel and unusual punishment.

The judgment of the circuit court of Rock Island County is accordingly affirmed.

*Judgment affirmed.*