THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE DUNN, Defendant-Appellant.

(No. 73-2;

Fifth District—July 24, 1973.

Robert E. Farrell, District Defender, of Mt. Vernon, (Edith L. James, Assistant Defender, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Eddie Dunn, pleaded guilty to the crime of burglary in the Circuit Court of St. Clair County and was sentenced to the penitentiary for a term of not less than five nor more than ten years. No direct appeal was taken but defendant did file a *pro se* post-conviction petition, which petition was dismissed without evidentiary hearing. On appeal he claims that the court erred in dismissing his petition without an evidentiary hearing and that he was denied adequate representation by counsel ap-appointed to represent him at the post-conviction hearing.

An examination of the record in this case reveals that the trial court judge who presided at the time defendant entered his plea inquired into the voluntariness of defendant's plea. He asked defendant whether he wanted to plead guilty and whether he understood that he had a right to a trial by jury, to representation by counsel, to confront witnesses and that the court, upon acceptance of the plea, could sentence him to an indeterminate sentence. The defendant answered these questions in the affirmative. The defendant was then asked whether he understood that the court was not bound by any promise or inducements made by any person whatsoever and that the punishment imposed was left entirely up to the judge. This question was also answered in the affirmative. The court then inquired of the defendant whether there had been any deals or negotiations for a plea. At this point the state's attorney interrupted the questioning and defendant thereafter was not given an opportunity to respond.

In defendant's *pro se* petition he asserted several grounds amongst which was his claim that he had been promised a sentence of not less than one year nor more than three years and that he was kept in solitary confinement without visitors, mail or food until he entered a guilty plea. These claims went unrefuted. He also claims that counsel appointed to represent him at the hearing was incompetent and provided inadequate representation. In this regard it is significant that the attorney so appointed did not amend or modify the defendant's *pro se* petition and at the time of the hearing on the state's motion to dismiss merely gave a cursory reiteration of one of the points raised by the defendant.

74

■■ The law of the State of Illinois requires that the record filed in the trial court shall contain a showing that the attorney appointed to represent the petitioning defendant has consulted with the petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights and that he has examined the record of the proceedings and has made any necessary amendments to the *pro se* petition that are necessary for an adequate presentation of petitioner's contentions. (Ill. Rev. Stat., ch. 110A, sec. 651(c).) Certainly defendant's unrefuted claims of a promise of leniency and detention in solitary confinement without food or visitors which were contained in his *pro se* petition raise issues of constitutional proportions requiring an evidentiary hearing when properly presented, particularly in view of the fact that in the court's initial inquiry of defendant, prior to acceptance of his plea, defendant was not given the opportunity to respond to whether there had been any inducement to so plead. Here, however, there is no showing that defendant's appointed counsel at any time conferred with him and it is clear that the petition was not amended and that petitioner's claims were not adequately presented. We have previously held that failure to show compliance with Rule 651(c) will require reversal and remandment. *People v. Rooney,* 6 Ill.App.3d 527, 285 N.E.2d 586.

The dismissal of the post-conviction petition is reversed and remanded for appointment of counsel and an evidentiary hearing.

Reversed and remanded.

EBERSPACHER, P. J., and G. MORAN, J., concur.