THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM LOUIS BROWN, Defendant-Appellant.

(No. 12359; ▮▮▮▮▮▮▮▮▮▮

Fourth District—August 28, 1974.

John F. McNichols, of State Appellate Defender's Office, of Springfield, for appellant.

Roger Thompson, State's Attorney, of Lincoln (Michael Prall, of Circuit Attorney Project, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

In December 1970, the defendant William Brown entered a plea of guilty to the offense of burglary in the circuit court of Logan County and was sentenced to a term of 2 to 5 years in the penitentiary. No appeal was taken. In August 1972, the defendant filed a pro se petition for post-conviction relief which was denied on June 13, 1973, by the trial court without an evidentiary hearing. From this order, the defendant appeals alleging (1) that the conditions and treatment in the county and city jail were inherently and psychologically so coercive that his plea of guilty was not voluntary, (2) that his plea of guilty was not voluntarily and understandingly entered into, and (3) that his punishment was excessive and in violation of the 1970 Constitution of the State of Illinois in that it exceeds the limit now imposed for a similar offense.

██ The argument that the sentence imposed constituted an unfair and improper sentence under the 1970 Illinois Constitution was waived in oral argument and in addition it was not raised in his original petition for post-conviction relief or in his amended petition. Accordingly, it is not before this court for review. (*People v. Brouhard*, 53 Ill.2d 109, 290 N.E.2d 206; *People v. Fuca*, 43 Ill.2d 182, 251 N.E.2d 239.) His request therefore for a reduction of sentence must be denied. A charge of excessiveness of sentence raises no issue available under the Post-Conviction Hearing Act and cannot be considered. *People v. Ballinger*, 53 Ill.2d 388, 292 N.E.2d 400; *People v. Null*, 13 Ill.App.3d 60, 299 N.E.2d 792.

██ The defendant asserts that his plea of guilty was not voluntarily and understandingly entered into within the meaning of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. This argument of the defendant was laid to rest by our Supreme Court in *People v. Reeves*, 50 Ill.2d 28, 276 N.E.2d 318, and by the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166. In discussing Rule 11 of the Federal Rules of Criminal Procedure, the United States Supreme Court in *McCarthy* stated that the Rule was designed to assist district judges in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. It was there pointed out that a defendant who enters a plea of guilty "simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury and his right to confront his accusers". Our supreme court in *Reeves* said, "We find nothing in *Boykin* which compels specific admonitions and waivers with respect to the 'several constitutional rights' to which McCarthy refers but does not enumerate." From this we conclude that substantial compliance with Rule 402 does not require a judge to parrot a number of specifically proscribed, formal phrases that would render these constitutional guarantees counterproductive and put in jeopardy the very

values that they were meant to preserve. (*People v. Anderson,* 10 Ill.App. 3d 558, 564, 294 N.E.2d 763, 767-768.) In our judgment, the trial court here meticulously ascertained from the defendant that he was in fact guilty, continued the case on two occasions so that he could think it over and the record demonstrates clearly that the defendant was no stranger to the criminal process or courtroom procedures. We do not believe that substantial compliance with Rule 402 requires the trial court to engage in a rigid ritualistic litany but only that he ascertain from the defendant that a plea of guilty is voluntarily and understandingly made. Clearly this was accomplished in this case.

■■ Defendant's pro se petition alleging a violation of his constitutional rights asserts that his waiver of jury trial was coerced by virtue of the condition of the county jail of Logan County in that "it has inadequate, defective sanitary facilities, inadequate ventilation with deplorable food and serving facilities, and filthy, foul dehumanizing and outright barbarious treatment by the Logan County Sheriff's Department." Through his petition, he filed his own affidavits in support of these conclusionary statements and recites at length facts and circumstances during his 93-day stay in the jail involving other occupants of both the city jail and the county jail, and statements made by various deputies to him about what would happen to him, etc., that he became nervous, lost weight, was denied reading material, had no exercise, suffered from a lack of clean and properly ventilated air, that he was unable to sleep and became ill from his nerves and loss of sleep, that he requested to see a doctor and one finally came, and then states that had he been compelled to spend any further time in the county jail, he would have suffered a complete mental breakdown from loss of sleep, etc. The trial court concluded, however, that the conditions described were not coercive, that they failed to reveal any threats of violence directed to the defendant in relation to the progress of his case, that there was no promise of either leniency or threats made or offered to invite a guilty plea, that these conditions were well-known to him and to his counsel prior to a plea of guilty, that he had been transferred from the city to the county jail through the assistance of his counsel, and that there was therefore nothing suggesting that these conditions in any way deprived his plea of guilty of its voluntary nature. It should be pointed out there that the trial court did a rather exhaustive explanation of the defendant's rights, that the defendant stated unequivocally that he was guilty and stated, "I fully understand what I did, I did do it, and I am guilty." At the arraignment, therefore, the defendant denied that any promise or threats had been made and acknowledged that his plea was freely and voluntarily made. The court asked him, "No one has made any threats to you to in-

duce you to enter a plea of guilty?" Defendant: "No, Sir." It seems now strange that where the opportunity was afforded him both to speak and to ask any questions about the court's admonitions, not one single word was stated about the condition of the jail or any psychological or other influence that might have induced him to plead guilty against his will and volition. In fact, he specifically denied them. An examination of this record suggests that no evidentiary hearing was necessary or required. It seems strange that if these conditions induced the guilty plea, defendant's counsel was not advised of it nor did he supply that counsel with the information he now says coerced the plea. The situation here described if true is far removed from the facts in *Brooks v. Florida*, 389 U.S. 413, 19 L.Ed.2d 643, 88 S.Ct. 541, where the claim was that the defendant was kept naked and without visitors, or in *People v. Dunn*, 13 Ill.App.3d 72, 299 N.E.2d 762, where the defendant was kept in solitary confinement without visitors, mail or food until he entered a guilty plea, and where he specifically alleged in his petition that the conditions in the jail were specifically directed at forcing him to plead guilty and were undenied. Trial representation was there inadequate—an important circumstance not present here. In our judgment, the trial court's decision was correct and in accordance with the principles in *People v. Hrebenar*, 48 Ill.2d 100, 268 N.E.2d 869.

There appearing to be no error in this record, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and KUNCE, JJ., concur.