THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RICHARD FREEMAN, Defendant-Appellant.

Fifth District No. 76-329

Opinion filed November 29, 1977.—Rehearing denied January 26, 1978.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This appeal is taken by defendant James Richard Freeman from an order of the Circuit Court of Madison County denying his motion to withdraw his plea of guilty to armed robbery and to vacate the judgment of conviction and sentence imposed thereon. Defendant contends that the circuit court erred by failing to appoint counsel other than the public defender's office to represent him on the motion to withdraw his guilty plea, since he alleged therein that the assistant public defender who represented him prior to and during the plea proceeding had coerced him into pleading guilty. Defendant asserts that this error requires that the cause be reversed and remanded for new proceedings on his motion to withdraw his plea. Defendant also argues that the judgment on the plea should be reversed outright by this court and remanded so as to allow defendant to plead anew, because the State did not verbally reiterate its negotiated sentence recommendation at the sentencing hearing, and because the defendant's testimony at the hearing that his plea was involuntary was unrebutted.

Defendant was arrested for the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) on February 16, 1976. At his preliminary hearing on March 12, 1976, defendant was represented by private counsel. He was arraigned on

April 2, 1976, and the public defender's office was appointed to represent him. The public defender's office continued to represent defendant and filed and obtained discovery. On June 7, 1976, the defendant appeared with an assistant public defender before the court and pleaded guilty to the charge. The record of this proceeding reflects that there was substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) governing the procedures to be followed in accepting guilty pleas, including a disclosure of the State's recommendation of a sentence of 4 to 6 years at an institution other than Menard as a part of the plea negotiations. Defendant at that time also stated that no one forced or put pressure on him to plead guilty. The proceeding concluded with the court's acceptance of defendant's plea of guilty to the offense charged. A presentence report was ordered, and sentencing was set for June 25, 1976, which was later continued to July 2, 1976. On that date, defendant again appeared with an assistant public defender who began the proceeding by moving to withdraw from the case, stating that the defendant had alleged that he had ineffectively represented him and had coerced him into pleading guilty. The assistant additionally stated to the court that there would be a problem with the appointment of another assistant from his office. The defendant himself addressed the court and reiterated these assertions of coercion and ineffective representation. The court agreed to appoint someone else to represent the defendant and continued the matter until July 9. On July 8, 1976, the Madison County public defender filed a form motion to withdraw defendant's plea of guilty. A brief hearing on the motion was held on July 9, 1976. Defendant testified that the assistant did not represent him properly, that he told him he "didn't have a chance in the world to win the case," and that he verbally coerced him to plead guilty. Defendant stated that he would not have pleaded guilty except for the advice of his attorney. No other evidence was presented, and the motion to withdraw was denied. The court then proceeded to a hearing in aggravation and mitigation after which the defendant was sentenced to a term of from 5 to 15 years with the recommendation that he be confined in some institution other than Menard, Illinois. Defendant was advised of the right to appeal and immediately filed a notice of appeal.

 Initially, we find that there is no merit to defendant's contention on appeal that the judgment of conviction and sentence imposed thereon should be reversed by this court and remanded so as to allow defendant to plead anew. Defendant's prayer for this relief is premised upon the argument that his testimony at the hearing on the motion to withdraw to the effect that his plea was involuntary and coerced was unrebutted. Defendant overlooks the fact that the testimony given at the hearing was rebutted by his own prior inconsistent statements before the court during

the proceeding in which he entered his plea of guilty. It was proper for the trial court to consider the statements made by defendant at the plea proceeding in determining the weight and credibility of the defendant's testimony at the hearing on the motion. (See *People v. Logue* (1970), 45 Ill. 2d 170, 258 N.E.2d 323; *People v. Brown* (1974), 21 Ill. App. 3d 996, 316 N.E.2d 198.) On the record before us, we are not persuaded that the trial court, on this basis alone, committed error in denying the motion to withdraw. Nor are we in agreement with defendant's contention that the judgment of conviction should be reversed and remanded because the State did not verbally reiterate its negotiated sentence recommendation at the sentencing hearing.

■■ During the guilty plea hearing, the trial court was made aware of the State's recommendation of a 4- to 6-year sentence, and the court stated that it would consider this recommendation but also admonished the defendant, prior to the acceptance of the plea, that the court was not bound by that recommendation. Further, the presentence report included the statement that "The State recommends 4 to 6 years at Vienna Correctional Institution." The record of the sentencing hearing clearly reflects the court's familiarity with the contents of the presentence report. For these reasons, we find no error in the State's failure to again verbally remind the court at the sentencing hearing of the recommendation of which the court already had knowledge. The cases cited by defendant in support of a reversal on this issue are not factually analogous to the matter before us. In *People v. Mitchell* (1970), 46 Ill. 2d 133, 262 N.E.2d 915 upon which defendant relies, the trial court was never informed of the State's negotiated sentence recommendation, and in *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495, a plea negotiation as to sentencing by one prosecutor was violated by a successor prosecutor who recommended imposition of the maximum term.

Accordingly, on the record before us, we find no merit to the contention that at this stage of the proceedings the judgment of conviction should be reversed outright and defendant allowed to plead anew.

We next consider defendant's assertion that the trial court erred in appointing the office of the public defender to represent him on his motion to withdraw his plea of guilty. The essence of defendant's argument is that a conflict of interest arises where a defendant is represented by one member of the public defender's office prior to and during submission of his plea of guilty and is then represented by another member of the same office on the motion to withdraw his plea, where the basis of the motion is that the original public defender coerced him into pleading guilty. Defendant maintains that the conflict of interest in his case is highlighted by the fact that the assistant public defender who is

alleged to have coerced the plea, was not called as a witness at the evidentiary hearing held on the motion.

In opposition to a reversal on this issue, the State argues first that because the defendant alleged facts outside the record and yet failed to file an affidavit accompanying his motion, he was not entitled to an evidentiary hearing and thus could not be prejudiced by anything that transpired at the hearing. The State therefore claims that "defendant received more than he was entitled to," because he was granted a hearing. Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) which governs appeals from judgments entered on pleas of guilty, provides that when a motion to withdraw a guilty plea is based on facts outside the record it must be supported by affidavit. However, we believe the State has misconceived the thrust of the issue in this regard. Defendant is not merely complaining of the representation of the public defender during the hearing, but contends that in his case the appointment of any public defender from the same office for the whole procedure involved in the motion to withdraw his plea constituted a *per se* conflict of interest which warrants a reversal. Here, the motion to withdraw was filed by the public defender's office. If anything, the failure of counsel to secure an affidavit in support of the motion is indicative of a less than vigorous representation. (*Cf. People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.) Finally, as defendant points out, the fact-finding hearing held by the trial court superseded and obviated the need for an affidavit.

Next the State urges that the facts alleged by defendant in his motion, if proven, were not sufficient to demonstrate ineffective representation by the assistant public defender and also that even if a conflict existed, defendant was not prejudiced by it, because the public defender represented him zealously on his motion to withdraw his plea. The validity of each of these arguments must necessarily depend upon whether defendant must demonstrate that he was factually prejudiced by the appointment of the public defender to represent him on his motion or whether the appointment in itself created a potential conflict of interest warranting a reversal of the order denying the motion and a remand for appointment of new counsel.

■■ In general, the courts of review in Illinois have found that whenever an accused's counsel at trial or on a guilty plea proceeding has a commitment to another or to other interests which would *potentially* affect the adequacy of his representation of the defendant, then a *per se* conflict of interest arises; and the defendant need not demonstrate factual prejudice in order to obtain a reversal. This *per se* rule of reversal has been applied where an attorney represents two or more defendants on

related charges and there is a potential for antagonism or inconsistencies in the defense of the parties. (See, *e.g., People v. Frey* (1977), 50 Ill. App. 3d 437, 365 N.E.2d 283; *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421; *People v. Meng* (1977), 54 Ill. App. 3d 357, 369 N.E.2d 549.) It has also been applied where the conflict of interest emerges from counsel's interests in other matters which could affect the adequacy of the representation afforded the defendant. For example, in *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, the law firm of court-appointed counsel represented the jewelry corporation and owner of the store which the defendant was accused of burglarizing. In reversing on this basis, the court held:

> "There is no showing that the attorney did not conduct the defense of the accused with diligence and resoluteness, but we believe that sound policy disfavors the representation of an accused, especially when counsel is appointed, by an attorney with possible conflict of interests. It is unfair to the accused, for who can determine whether his representation was affected, at least, subliminally, by the conflict? Too, it places an additional burden on counsel, however, conscientious, and exposes him unnecessarily to later charges that his representation was not completely faithful. In a case involving such a conflict there is no necessity for the defendant to show actual prejudice."

See also *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 589; *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67; *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81.

■■ Similarly, it is well established that it is reversible error to appoint a public defender to represent a post-conviction petitioner when the petition for relief includes an allegation of ineffective representation by a member of the same public defender's office which represented defendant at the time of his conviction. (*People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923; *People v. Bain* (1974), 24 Ill. App. 3d 282, 284, 320 N.E.2d 426.) Addressing this issue in *People v. Bain,* we stated:

> "* * * trial counsel should not be placed in a position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon the integrity of counsel's own office; nor should an individual defendant be deprived of his right to a full and complete assistance of counsel unencumbered by divided loyalties. As stated in *People v. Smith,* 37 Ill. 2d 622, the rule is designed to prevent the inequities that might arise out of the natural inclination of a public defender's office to protect its reputation by defending against the charge of

incompetency while at the same time trying to perform its duty as an advocate to aid the petitioner in establishing the veracity of his charges."

■■ We can perceive of no compelling reason why the same principles enunciated in these decisions should not apply where the defendant, in moving to withdraw his plea of guilty, alleges that the plea was coerced by the public defender who represented him at the time the plea was accepted. In the instant case the assistant public defender recognized the conflict that would exist were he to represent the defendant on the motion and thereby moved for and was granted leave to withdraw. However, the potentially prejudicial conflict of interest was merely extended by the appointment of the public defender who headed the same office in which the assistant was a member. In our recent case of *People v. Meng*, we noted that separate public defenders from the same office are not independent of one another. Thus, while the assistant represented defendant prior to and during the guilty plea proceeding, he was acting in a representative capacity for the Madison County Public Defender's office. The public defender by representing defendant on the motion to withdraw his plea, was placed in the incongruous position of having to question the actions of his own office. In such circumstances there can be no question but that a conflict of interest arises. *People v. Benford* (1975), 31 Ill. App. 3d 892, 895, 335 N.E.2d 106, 190.

Nevertheless, the State urges us not to broaden the *per se* conflict of interest rule to include representation on motions to withdraw guilty pleas. However, the rule was most recently applied to this stage of the criminal proceeding in *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, upon which the defendant relies. In *Norris*, defendant filed a *pro se* motion to withdraw his plea of guilty alleging, *inter alia*, that he was unfairly persuaded to plead guilty because defense counsel failed to explore the possibility of an alibi defense and that he did not have a good relationship with his attorney. One of the assistant public defenders who had represented defendant at the time of his plea also acted on his behalf at the hearing on the motion to withdraw his plea. The reviewing court found this to be a conflict of interest and held that on this basis the denial of the defendant's motion was in error. As the State here points out, the public defender in *Norris*, on argument of the defendant's post-plea motion, alluded to the defendant's claim that the public defender's office did not explain everything clearly to him, and stated that he was obviously not going to be a witness against Mr. Norris on his behalf. The appellate court referred to this statement as a recognition by counsel of the potential conflict of interest. The court did not, however, rely on this statement to demonstrate factual prejudice but in applying the principles enunciated in the post-conviction cases which dealt with this issue, found

that a conflict demanding reversal existed. Similarly, in the case before us, the assistant stated to the court that he desired to withdraw as counsel because of the defendant's allegation of coercion of his plea by him, and he also informed the court that he felt there would be a problem with the appointment of someone else from the public defender's office.

Finally, the State relies upon the decision in *People v. Taylor* (3d Dist. 1977), 48 Ill. App. 3d 925, 363 N.E.2d 643, where on appeal the defendant argued that he was denied the effective assistance of counsel on the motion to vacate his guilty plea, where one of the grounds of the motion was that he had entered the plea in reliance on his attorney's advice that he felt the defendant stood an excellent chance of receiving probation. However, the defendant received a sentence of from one to three years as the State had recommended and thereafter moved to withdraw his plea. The court in *Taylor* recognized the conflict of interest rule set down in post-conviction cases, but held that it did not need to decide the applicability of this rule to the matter before it. Rather the court found that on the facts before it the representation by the same counsel was "harmless error," because the defendant's mere belief or hope for probation did not entitle him to withdraw his guilty plea; and thus his representation by the same attorney during both the guilty plea and the withdrawal of the guilty plea proceedings could not have influenced the result. The allegation made by the defendant in the *Taylor* case does not approach the claim of coercion made by the defendant in the matter before us. In our case, the defendant's claim of an involuntary plea was made prior to the imposition of sentence and related to counsel's assessment of his chances at trial and his allegedly defeatist attitude with regard to going to trial. Thus, we believe the *Taylor* case is distinguishable on the facts. However, we also find that court's application of the "harmless error" rule questionable in light of the holdings of our supreme court in the *Stoval, Kester* and *Coslet* cases that a *per se* conflict of interest requiring reversal will be found without the need to demonstrate actual prejudice, whenever there exists the possibility of a conflict arising out of the defense attorney's commitment to others which might deter counsel in the pursuit of a vigorous representation of the defendant.

For these reasons, we find that the judgment denying the motion to withdraw defendant's plea of guilty must be reversed and remanded, and we direct the trial court to appoint counsel other than the public defender's office to represent defendant on a rehearing of his motion to withdraw his plea.

■■ Defendant, on appeal, also assigned as error the failure of the public defender to file a certificate of compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). The certificate

1008

was filed with our court pending appeal, and this satisfies the requirement of that rule. (*People v. Hultz* (1977), 51 Ill. App. 3d 663, 366 N.E.2d 897.) However, in light of our remand, we direct the circuit court to require newly appointed counsel to file another certificate in compliance with that rule prior to the court ruling on the motion.

The judgment of the Circuit Court of Madison County is reversed and the cause is remanded for a new hearing on defendant's motion to withdraw his plea of guilty.

Reversed and remanded.

JONES and KARNS, JJ., concur.