THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KELLY WHITE, Defendant-Appellant.

First District (5th Division)    No. 77-761

Opinion filed January 27, 1978.—Rehearing denied February 27, 1978.

Joseph A. Ettinger, Ronald M. Lake, and Rick M. Schoenfield, all of Ettinger and Lake, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Kenneth T. McCurry, and Patrick J. Jennings, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to burglary and was sentenced to a term of two to six years. Subsequently, he obtained the services of another attorney who filed a motion to withdraw his plea and to vacate the judgment, pursuant to Supreme Court Rule 604(d). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) After an evidentiary hearing, the motion was denied and, on appeal, defendant contends: (1) the trial court erred (a) by failing to summarily rule on his motion to vacate, and (b) by denying the motion when his plea of guilty was based upon misrepresentations by his trial counsel relative to a rape which was pending against him; and (2) he was denied effective assistance of counsel at the time of his change of plea to guilty.

The record discloses defendant was charged with burglary while an unrelated rape charge was pending against him and, on arraignment, he pled not guilty to both offenses. The cases were called for trial together and, after a conference with defendant's counsel, the State moved to strike the rape charge with leave to reinstate. In support of this motion, the State called the complainant in the rape matter as a witness. She testified that at the preliminary hearing and again earlier that same day, she had informed the State's Attorney and a police officer that she was unable to identify defendant as her assailant. She responded affirmatively to the State's question, "That man [defendant] is not the man who raped you, is that your testimony?" Defendant's counsel, who had previously answered ready for trial on the rape charge, stated there was no objection to its dismissal with leave to reinstate. Whereupon, the trial court discharged defendant as to the rape charge.

Defendant's counsel then informed the court that defendant wished to withdraw his plea of not guilty to the burglary charge and enter a plea of guilty thereto. Defendant responded affirmatively when asked by the court if this statement of his counsel was correct. The court then admonished defendant as to the nature of the charge and the possible penalties which could be imposed. Defendant was also informed by the court of his rights; that is, to plead not guilty to a trial by the court or a jury; to confront witnesses to testify against him and present witnesses on his own behalf; to be proven guilty beyond a reasonable doubt; and to give evidence against himself. Defendant stated that he understood each of these rights and knew that by pleading guilty he was waiving them. Defendant also replied to a question of the court that he was not forced, coerced or promised anything in connection with his decision to plead guilty.

The record also discloses that defendant's mother and brother were present in the courtroom during the proceeding and that she responded

affirmatively to a question of the court as to whether she agreed to the disposition of the case as expressed by defendant's counsel. Then, after the facts supporting the plea were stipulated into evidence, the trial court requested defendant's mother to identify herself for the record and, immediately thereafter, the court informed defendant that he had a final opportunity to indicate his willingness or unwillingness to proceed on the plea of guilty. At that time, defendant affirmed his wish to plead guilty. His plea was thereupon accepted, and the sentence was imposed—after which, he was advised of his rights under Supreme Court Rule 604(d).

Thereafter, defendant, through different counsel, moved pursuant to Rule 604(d) to withdraw his plea of guilty and to vacate the judgment. The motion alleged that misinformation as to material facts by his counsel caused him to change his plea to guilty on the burglary charge. In support of the motion, a joint affidavit of his mother and brother was attached.

The motion was called for hearing twice, but was continued each time because the State failed to appear. On both occasions, the court denied requests of defendant for a ruling on the ground that the State had failed to file an answer to the motion. A hearing was eventually held at which defendant's mother testified that she was present during the pretrial conference between defendant and his original counsel. She stated that at that time, defendant maintained his innocence of the rape charge, but his counsel told those present that he did not have a good case and recommended that defendant plead guilty to burglary in return for a dismissal of the rape charge by the State. She also heard the testimony of the complainant in the rape matter that defendant was not her assailant but that defendant's counsel had not informed defendant during the pretrial conference that complainant would so testify. She also stated that defendant expressed reluctance to plead guilty to burglary in return for a dismissal of the rape charge.

Defendant's brother testified that during the pretrial conference defendant said he wished to go to trial on both charges but that his attorney said they did not have a good case in either matter and recommended that defendant plead guilty to burglary in the hope that the State would dismiss the rape charge. He also stated that defendant's attorney said nothing during this conference concerning the inability of the complaining witness to identify defendant as her assailant. Later, he spoke to defendant's first counsel concerning the reason for defendant's change of plea. He was informed that defendant had no case on the burglary charge and simply a 50-50 chance on the rape charge—which could have gone "either way."

At the close of the hearing, the trial court commented that defendant's mother, during the change of plea hearing, had advised the court prior to its acceptance of the plea that she was in agreement with the disposition

of the matter and that defendant had persisted in his plea of guilty and said it resulted from no coercion, promises, or force. The court also stated that in the presence of his mother, defendant declined a final offer by the court to withdraw his plea of guilty. The trial court then denied the motion to vacate and made the final statement that defendant was accorded every right to which he was entitled during the proceeding at which he changed his plea.

OPINION

Defendant first argues that a motion under Rule 604(d) is a pleading which seeks to vacate a judgment and thus is analogous to a petition filed pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) He points out that the failure to file a responsive pleading to a section 72 petition constitutes an admission to matters well pleaded therein. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) He argues that the same rule should apply to his motion under Rule 604(d), and that the trial court erred on the two occasions it refused to summarily rule on his motion.

■■■ Although defendant concedes that section 72 is structured to provide relief from final judgment beyond term time, he reasons that as a Rule 604(d) motion and a section 72 petition seek the same relief; *i.e.*, the vacation of a final judgment, the rules covering the latter should be applied with equal force to the former. He has cited no authority, however, in support of this proposition, and we have found none. Instead, it is our opinion that a Rule 604(d) motion is more akin to a post-trial motion seeking a vacatur (Ill. Rev. Stat. 1975, ch. 38, par. 116—1), to which affidavits are attached raising alleged errors based upon matters de hors the record (see *People v. Walker* (1911), 250 Ill. 427, 95 N.E. 475; *People v. McMahon* (1910), 244 Ill. 45, 91 N.E. 104; *People v. Lugo* (1974), 30 Ill. App. 3d 1054, 333 N.E.2d 232 (abstract)). In such cases, uncontroverted affidavits do not ipso facto require a vacation of the judgment and a new trial (*McMahon*); but, rather, are considered in conjunction with a review of the entire record (*People v. Ladas* (1940), 374 Ill. 419, 29 N.E.2d 595; *Lugo*) and/or an evidentiary hearing (*People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863). Thus, we cannot say that the trial court erred in denying defendant's motion to rule summarily on the pleadings and in conducting an evidentiary hearing.

Defendant also contends that the trial court erroneously denied his motion to vacate, since his plea of guilty was the result of his counsel's misrepresentation concerning the rape charge pending against him. We disagree.

A motion to withdraw a plea of guilty and to vacate the judgment

entered thereon is addressed to the sound discretion of thhe trial court, the exercise of which will not be disturbed on review unless it appears that the plea was entered through a misapprehension of facts or law; that defendant has a defense worthy of consideration; or that there is doubt of guilt and that the ends of justice would be better served by submitting the matter to a trial. (*People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181.) It is defendant's burden to establish the matter advanced in the motion, which will not be granted as a matter of right, but only when necessary to correct a manifest injustice which has been established by the facts. *People v. Linden* (1975), 27 Ill. App. 3d 45, 325 N.E.2d 809.

■■ Here, defendant's mother and brother testified that prior to his change of plea, his counsel advised defendant that the State was strong on the rape charge and that, if he pled guilty to burglary, the rape charge would be dismissed by the State. They further stated that defendant, but for this representation, would not have pled guilty. We believe, however, that had such a representation been made to and relied upon by defendant, it is difficult to perceive why he and his mother expressed unequivocal satisfaction with his change of plea to guilty of the burglary after hearing the rape complainant testify that she could not identify him as her assailant. Presented with this conflict, it is inherent in the trial court's decision that it believed defendant's witnesses lacked credibility and that no such representation had been made to him. Upon our review of the entire record, we cannot say that the trial court abused its discretion in denying the motion to vacate. *Ladas; Freeman; Lugo.*

Our determination of the foregoing contention of defendant obviates consideration of his final argument; namely, that he was deprived of the effective assistance of counsel because of the alleged misrepresentation. We note, moreover, that defendant did not raise the question of effective representation of counsel in his motion to vacate.

For the foregoing reasons, the order denying the motion to vacate is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.