THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER TAYLOR, Defendant-Appellant.

First District (1st Division)    No. 79-2255

Opinion filed March 9, 1981.—Rehearing denied April 13, 1981.

Ralph Ruebner and Rafael Schwimmer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Gloria G. Coco, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Sylvester Taylor was charged by indictment with the murder of Leroy Tyner in violation of section 9—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—1). After a jury trial, defendant was found guilty and sentenced to 30 years in prison.

The sole issue on appeal is whether defense counsel's failure to subpoena a particular witness denied defendant effective assistance of counsel.

We affirm.

On February 28, 1978, at 5 p.m., Gussie Johnson went to visit Sylvia Hurt at her apartment. At 6 p.m. Leroy Tyner arrived, stayed for 10 minutes and left. Defendant Sylvester Taylor arrived at Hurt's apartment at 7 p.m. When Tyner returned at 8 p.m., defendant and Sylvia Hurt were in the washroom.

When the two came out of the washroom, Tyner asked Hurt "which one she wanted." Hurt replied, "I told him that I had a new man." She apparently was referring to Tyner.

Gussie Johnson testified that defendant walked toward Tyner, pulled some object out of his pocket, and began to swing at Tyner with the object. She was facing defendant's back and could not see the object with which defendant was striking Tyner.

Immediately after the incident, Carrie Wallace, Roy Vaughn and Tyner's mother went to Sylvia Hurt's apartment. Wallace testified that upon entering the apartment, she saw Tyner sitting on a bed and defendant standing over him with a knife in his right hand. She also testified that Tyner had nothing in his hands. Tyner's mother exclaimed 'You have stabbed my son!" Defendant responded "Get back or you will get some of it." Shortly thereafter, Tyner died of multiple stab wounds.

Defendant fled from the apartment and was arrested later that evening. A wet knife was found concealed in his coat sleeve.

After the State rested its case at trial, defense counsel informed the court that a witness whom he had expected to be present in court had failed to appear. He explained that on the previous evening, he had received a telephone call from "Pie" Issac Gilbert, who claimed that he had been present in the apartment at the time of the stabbing. According to counsel, "Pie" was prepared to testify that Tyner was the aggressor in the confrontation and that the defendant used only as much force against

Tyner as was necessary to escape from the room. He claimed that Pie's testimony would prove deep provocation of defendant by Tyner, which would warrant a voluntary manslaughter instruction. Defense counsel requested a continuance in order to assure Pie's presence. The trial court continued the case until the following Monday.

On Monday, the witness again was absent. The trial court granted the State's motion to proceed. The defense rested.

At the jury instruction conference, the trial court rejected defendant's tendered instructions on voluntary manslaughter and self-defense. The jury found defendant guilty of murder and defendant was sentenced to 30 years in prison. Defendant appeals.

This appeal involves the issue of whether the defense attorney's failure to subpeona an alleged eyewitness denied defendant effective assistance of counsel. According to defendant, if his defense attorney had subpoenaed the witness and thereby assured his presence in court, the witness' testimony would have supported defendant's claim of self-defense.

■■ ■ A conviction should not be set aside because of ineffective assistance of counsel unless the representation is of such a low caliber that it amounts to no representation at all or reduces the court proceedings to a farce or sham. (*People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677; *People v. Washington* (1968), 41 Ill. 2d 16, 22, 241 N.E.2d 425.) Further, to justify a reversal, a defendant must show that he was substantially prejudiced as a result of the incompetence of counsel. (*People v. Hrebenar* (1971), 48 Ill. 2d 100, 104, 268 N.E.2d 869; *People v. Georgev* (1967), 38 Ill. 2d 165, 169, 230 N.E.2d 851.) It is our opinion that defense counsel more than adequately represented defendant and that in light of the overwhelming evidence against defendant, he was not substantially prejudiced by his attorney's failure to subpoena the alleged occurrence witness. Defense counsel arguably made an error in judgment in failing to subpoena the witness. It is well settled, however, that a review of counsel's competency does not extend to those areas involving the exercise of judgment, discretion, or trial tactics. *People v. Murphy* (1978), 72 Ill. 2d 421, 437, 381 N.E.2d 677; *People v. Wesley* (1964), 30 Ill. 2d 131, 136, 195 N.E.2d 708.

■■ Rather, competency of counsel is to be determined from the totality of counsel's conduct at trial. (72 Ill. 2d 421, 437; *People v. Somerville* (1969), 42 Ill. 2d 1, 5, 245 N.E.2d 461.) The record reflects that counsel conducted discovery, made appropriate pretrial and post-trial motions, vigorously cross-examined the State's witnesses, made timely and appropriate objections to testimony, made a respectable closing argument and submitted proper jury instructions. Thus, when the totality of circum-

stances is considered, it is apparent that defendant was given effective assistance of counsel.

Furthermore, defendant was found guilty by the overwhelming weight of evidence. Several witnesses who were present before and/or during the stabbing testified at trial. Their versions of what occurred tended to corroborate one another. Curiously, none of the witnesses who were present at the scene of the attack testified that "Pie" Issac Gilbert was present. Based on these facts and circumstances, we find the attack on the assistance rendered by defense counsel to be completely unjustified.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.